UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:13-cr-61-FtM-29UAM

CHARLES NAVE, III

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Request That This Court Vacate His "Void" Judgment/Conviction for Plain Error, Pursuant to Fed. R. Crim. P., Rule 52(b) (Doc. #70) filed on July 28, 2015.  Defendant argues that his conviction and judgment are void because the Magistrate Judge made a final decision by taking and accepting his plea of guilty without the authority to do so, and because his plea agreement was entered into without a full understanding of the circumstances.  Defendant argues that these plain errors require reversal.  For the reasons stated below, the motion will be dismissed for lack of subject-matter jurisdiction.  In the alternative, the motion is denied.

*Procedural History*

On May 1, 2013, the grand jury returned an Indictment (Doc. #15) charging defendant with knowingly possessing child pornography and knowingly distributing child pornography in interstate commerce.  On August 30, 2013, the government filed an executed Plea Agreement (Doc. #32) agreeing that defendant would

enter a plea of guilty to Count Two, for distribution of child pornography, and the government would move to dismiss Count One.

On September 13, 2013, defendant appeared before the Magistrate Judge for a change of plea hearing, and the Magistrate Judge issued a Report and Recommendation Concerning Plea of Guilty (Doc. #38) after "cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11" and finding that "the guilty plea was knowledgeable and voluntary". (Doc. #37.)  The Magistrate Judge <u>recommended</u> that defendant's plea of guilty be accepted, and stated that the parties had waived the 14 day objection period.  On September 17, 2013, the undersigned <u>accepted</u> the plea of guilty and adjudicated defendant guilty of Count Two of the Indictment (Doc. #15).

On January 6, 2014, defendant appeared before the undersigned for sentencing, and on January 7, 2014, a Judgment (Doc. #50) was entered imposing a term of 84 months of imprisonment and supervised release for life.

***Post-Conviction Motions***

Defendant did not file a notice of appeal[1] from the conviction and sentence, but did file a Notice of Appeal (Doc. #56) from the September 23, 2014 Opinion and Order (Doc. #55) dismissing defendant's September 22, 2014 Motion for Relief From Judgment

---

[1] The Plea Agreement contains a standard Waiver of Right to Appeal the Sentence. (Doc. #32, ¶ 6.)

Pursuant to Fed. R. Civ. P. Rule 60(b)(3), Rule 60(b)(4), and Rule 60(d)(3) (Doc. #54).  On June 15, 2015, the Eleventh Circuit Court of Appeals affirmed that decision.  (Doc. #67.)

In the September 23, 2014, Opinion and Order (Doc. #55) the Court liberally construed defendant's motion, considered other bases for jurisdiction, and directed the Clerk to forward defendant a copy of a Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) Form as the deadline to seek 2255 post-conviction relief had not expired at that time.  On December 1, 2014, defendant filed a Motion for Certification and/or Notification of Constitutional Challenge to Statute, Pursuant to Federal Rules of Civil Procedure, Rule 5.1 (Doc. #60), which was denied, but defendant did not seek 2255 habeas relief.  (Doc. #61.)

*Current Motion*

Defendant generally raises the argument that the Judgment is void because the Magistrate Judge exceeded his authority. Defendant seeks to vacate or "void" his judgment pursuant to Federal Rule of Criminal Procedure 52(b).

*Rule 52(b)*

As a preliminary matter, Rule 52(b) does not confer jurisdiction upon a district court.  As stated in United States v. Frazier, 517 F. App'x 758, 759 n.1 (11th Cir. 2013):

> Frazier's reliance on Rule 52(b) is misplaced. Rule 52(b) governs in criminal appeals and "provides a court of appeals [with] limited power to correct" forfeited errors. United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993) (emphasis added). Because Rule 52(b) governs appeals, not post-conviction motions to amend sentences, see id., the district court had no jurisdiction under Rule 52(b) to modify Frazier's sentence. Cf. Diaz-Clark, 292 F.3d at 1317 (explaining that a district court's modification of a sentence without the requisite jurisdiction is a "legal nullity").

There is no other basis for jurisdiction in the district court to consider defendant's motion, and it will be dismissed for lack of jurisdiction.

*Magistrate Judge*

Pursuant to the Federal Magistrates Act, a magistrate judge may be designated "to hear and determine any pretrial matter pending before the court". 28 U.S.C. § 636(b)(1)(A). Also, a magistrate judge may be designated to submit a recommendation for disposition of a dispositive matter, 28 U.S.C. § 636(b)(1)(B), and be "assigned such additional duties as are not inconsistent with the Constitution and laws of the United States, 28 U.S.C. § 636(b)(3). In the Middle District of Florida, this includes the "acceptance of guilty pleas in felony cases *with the consent* of the Defendant." M.D. Fla. R. 6.01(c)(12)(emphasis added).

On August 30, 2013, defendant filed a Notice Regarding Entry of Guilty Plea, Consent, and Waiver of Objection to Report &

Recommendation (Doc. #31) consenting to the entry of a plea of guilty before a United States Magistrate Judge, subject to the District Court accepting or rejecting the plea. Defendant consented to take the plea before the Magistrate Judge, and did so, however, ultimately it was the District Court that accepted the plea and adjudicated defendant guilty. Under Eleventh Circuit precedent, this is "not an impermissible usurpation of Article III powers." United States v. Woodard, 387 F.3d 1329, 1331 (11th Cir. 2004)(collecting cases). Therefore, in the alternative, the Court finds no plain error.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Request That This Court Vacate His "Void" Judgment/Conviction for Plain Error, Pursuant to Fed. R. Crim. P., Rule 52(b) (Doc. #70) is **DISMISSED** for lack of jurisdiction, or in the alternative, **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   3rd   day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record