```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHARLES A. NAVE, III,

    Petitioner,

v.                                           Case No: 2:16-cv-76-FtM-29CM
                                           Case No: 2:13-cr-61-FTM-29UAM

UNITED STATES OF AMERICA,

    Respondent.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Charles A. Nave, III's (petitioner or Nave) *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] (Cr. Doc. #76; Cv. Doc. #1)[2] and Affidavits (Cr.

---

[1] Petitioner also moves for an evidentiary hearing and the appointment of counsel. (Cv. Doc. #15, p. 2). Petitioner, however, has not established any basis for an evidentiary hearing because his petition is time-barred. Because Nave's motion for an evidentiary hearing is due to be denied, appointment of counsel is not required under Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Court. Nave is not otherwise entitled to appointment of counsel in this case. <u>See</u> <u>Barbour v. Haley</u>, 471 F.3d 1222, 1227 (11th Cir. 2006) (stating there is no Sixth Amendment right to counsel in post-conviction collateral proceedings); <u>see</u> <u>also</u> <u>Schultz v. Wainwright</u>, 701 F.2d 900, 901 (11th Cir. 1983) ("Counsel must be appointed for an indigent federal habeas petitioner only when the interest of justice or due process so require."). Neither the interest of justice nor due process require the appointment of counsel here. The Court, therefore, denies Nave's motion for appointment of counsel. (Cv. Doc. #15, p.2).

[2] The Court will refer to the civil docket as "Cv. Doc." and the underlying criminal docket, 2:13-cr-00061-JES-UAM-1, as "Cr.

Doc. #77; Cv. Docs. #2-#4) filed on January 29, 2016. After the Court issued an Order to Show Cause as to why relief should not be granted (Cv. Doc. #6), the United States filed a Response in Opposition (Cv. Doc. #11) on April 4, 2016. Petitioner filed a Reply (Cv. Doc. #12) on April 27, 2016.

For the reasons set forth below, petitioner's § 2255 motion is dismissed as time-barred.

## I.

On May 1, 2013, a federal grand jury in Fort Myers, Florida, returned a two-count Indictment against petitioner. (Cr. Doc. #15). Count One charged Nave with knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (Id., p. 1). Count Two charged Nave with knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (Id., p. 2-4).

On September 13, 2013, Nave pled guilty to Count II of the Indictment. (Cr. Doc. #37). The Court accepted Nave's change of plea on September 17, 2013. (Cr. Doc. #39). On January 6, 2014, the undersigned sentenced petitioner to 84 months in prison with a life term of supervised release. (Cr. Docs. #49; #50). Judgment was filed on January 7, 2014. (Cr. Doc. #50).

---

Doc."

- 2 -

Petitioner did not appeal his conviction or sentence, but filed four post-conviction motions with this Court.

First, on September 22, 2014, petitioner filed a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 arguing that the Court should vacate his judgment and sentence. (Cr. Doc. #54). The Court dismissed Nave's motion because it lacked jurisdiction to provide relief from a criminal judgment under the Federal Rules of Civil Procedure. (Cr. Doc. #55). The Court also directed the Clerk to forward Nave a copy of the Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody Form and advised defendant that, at the time, the deadline to seek relief under § 2255 had not yet expired under the statute of limitations. (Id., pp. 2-3). Nave appealed the Court's Order and Opinion denying his Motion for Relief from Judgment (Cr. Doc. #56) on October 2, 2014, which the Eleventh Circuit later affirmed on June 15, 2015. See United States v. Nave, 608 F. App'x 888 (11th Cir. 2015).

Next, on December 1, 2014, Nave filed a Motion for Certification and/or Notification of Constitutional Challenge to Statute, Pursuant to Fed. R. Civ. P. 5.1 [sic] (Cr. Doc. #60), in which he challenged the constitutionality of the statute underlying his criminal conviction and sought certification by this Court to the United States Attorney General in order to

challenge the statute. The Court dismissed Nave's motion for lack of jurisdiction and merit. (Cr. Doc. #61).

Thereafter, on July 28, 2015, Nave filed a Motion to Request that this Court Vacate his Void Judgment/Conviction for Plain Error, pursuant to Fed. R. Crim. P. 52(b), in which he argued that the Court committed plain error in failing to advise him of his rights. (Cr. Doc. #70). The Court dismissed Nave's motion on August 3, 2015, for lack of jurisdiction and, alternatively, found no plain error. (Cr. Doc. #71).

Finally, on September 28, 2015, Nave filed a Motion to Request Leave for Out of Time Direct Appeal Premised Upon Plain Error. (Cr. Doc. #72). The Court denied Nave's motion in accordance with its August 3, 2015 Opinion and Order (Doc. #71). (Doc. #74).

Currently pending before the Court is petitioner's § 2255 motion. (Cr. Doc. #76; Cv. Doc. #1). Petitioner raises several claims of ineffective assistance of counsel and trial court error in his § 2255 motion, but now seeks leave to amend[3] his motion and reduce his claims to the following: (1) defense counsel rendered ineffective assistance in failing to investigate and advise Nave on the facts and evidence; and (2) Nave's guilty plea was "coerced

---

[3] Because the Court finds that petitioner's § 2255 motion runs afoul of the statute of limitations under 28 U.S.C. § 2255(f), any such amendment would be untimely and, therefore, futile. Thus, petitioner's Motion for Leave to Amend [§] 2255 Motion (Cv. Doc. #19) is due to be denied.

and unintelligent" because it was the product of outrageous government conduct. (Cr. Doc. #90; Cv. Doc. #19). The United States responds, in part, that petitioner's initial § 2255 motion is untimely. (Cv. Doc. #11, pp. 11-18). Petitioner asserts that his motion is timely under § 2255(f)(4) or that his untimeliness is excused because he is actually innocent. (Cr. Doc. #76, p. 10; Cv. Docs. #1, p. 10; #12, p. 2). For the reasons below, the Court finds petitioner's § 2255 motion is untimely and thus due to be dismissed.

**II.**

**A. Statute of Limitations**

There is a one-year statute of limitations period in which to file a § 2255 motion. See 28 U.S.C. § 2255(f). The limitations period begins to run on the latest of four possible triggering events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been

> discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). "Because a fundamental purpose of § 2255 is to establish finality in post-conviction proceedings, the one-year limitation period for filing a § 2255 motion is mandatory and unequivocal." Trucchio v. United States, 553 F. App'x 862, 863 (11th Cir. 2014) (citation omitted).

Typically, the applicable triggering date is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Because [Nave] did not file a direct appeal, his judgment of conviction became final on [January 21, 2014], 14 days after entry of judgment on [January 7, 2014]." Castillo v. United States, No. 16-17028-E, 2017 WL 5591797, at *2 (11th Cir. May 4, 2017) (citing Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Fed. R. App. P. 4(b)(1)). (Cr. Doc. #50). Thus, Nave had until January 21, 2015, to file his § 2255 motion. Giving petitioner the benefit of the mailbox rule[4], he signed and executed the original motion in this case on January 23, 2016. (Cr. Doc. # 76, p. 11; Cv. Doc. #1, p. 11). Accordingly, § 2255(f)(1) is not satisfied.

---

[4] "[A] prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted). "Absent any evidence to the contrary . . . [the Court] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it[.]" Id.

Petitioner asserts that his motion is timely under § 2255(f)(4)[5], which provides that a § 2255 motion may be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). (Cr. Doc. #76, p. 10; Cv. Doc. #1, p. 10). Petitioner alleges that he filed his motion within one year of the date he "discovered through diligent self study of his case and applicable law that his conviction is unconstitutional." (Id.). Petitioner does not identify what facts were unavailable. (Id.). At best, in liberally construing Nave's Reply, he claims that investigative reports from his underlying criminal case reveal two new legal theories: (1) outrageous government conduct and (2) enticement by government agents to commit a crime.[6] (Cv. Docs. #12, pp. 3-4; 12-1; 12-2). Nave does not allege he recently discovered these reports, but argues his conviction is unconstitutional now that he has studied the law. (Id. p. 3). Nonetheless, the discovery of a new legal theory does not constitute a discoverable "fact" under § 2255(f)(4). See Bays v. United States, No. 6:09-CR-144-ORL-41GJK, 2018 WL 1449393, at *2 (M.D. Fla. Feb. 15, 2018) (citing Barreto-Barreto v. United

---

[5] Petitioner does not assert statutory tolling under either § 2255(f)(2) or (3).

[6] Petitioner appears to argue a theory of entrapment, but instead states he was "enticed" by agents in violation of 18 U.S.C. § 2422(a). Nonetheless, his argument fails under either theory.

States, 551 F.3d 95, n. 4 (1st Cir. 2008)); see also Smith v. United States, No. 6:13-CR-293-ORL-37DCI, 2017 WL 6319564, at *2 (M.D. Fla. Dec. 11, 2017) (citing Barreto-Barreto, 551 F.3d at n. 4)). Therefore, Nave's argument is rejected.

Based on the above, petitioner's statute of limitations began on January 21, 2014, and expired on January 21, 2015. Therefore, petitioner's January 23, 2016, motion is untimely unless he can show he is entitled to equitable tolling or is actually innocent.

**B. Equitable Tolling**

A district court may review an untimely motion if a petitioner is entitled to equitable tolling. See San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). To establish eligibility for equitable tolling, a petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal citations and quotations omitted)).

Petitioner has not alleged that an extraordinary circumstance prevented him from timely filing his § 2255 motion. He implicitly argues that he is entitled to tolling because he was ignorant of the applicable law. (Cr. Doc. #76, p. 10; Cv. Doc. #1, p. 10). However, petitioner's ignorance of law is not an "extraordinary circumstance" and thus does not justify equitable tolling. See Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007)(quoting

Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.")); see also Maldonado v. United States, No. 8:12-CV-686-T-30TGW, 2012 WL 1143828, *1 ("[A] prisoner's *pro se* status or lack of legal knowledge does not constitute extraordinary circumstances sufficient to warrant equitable tolling.") (citing Rich v. Dep't of Corrs., 317 F. App'x 881, 883 (11th Cir. 2008)).

Because petitioner has not shown any action on his part to demonstrate reasonable diligence or an extraordinary circumstance which prevented timely filing, he is not entitled to equitable tolling of the one-year limitations period.

**C. Actual Innocence Exception**

Petitioner contends that even if his § 2255 motion is time-barred, he is entitled to a review of his claims because he is actually innocent and thus his conviction constitutes a "miscarriage of justice." (Cv. Doc. #12, p. 2).

"A court may also consider an untimely § 2255 motion if, by refusing to consider the motion for untimeliness, the court thereby would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." Stevens v. United States, 466 F. App'x 789, 791 (11th Cir. 2012) (quoting San Martin, 633 F.3d at 1267 (internal quotation marks omitted)); see also McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (stating that actual innocence, if proved, serves

as a gateway through which a petitioner may pass after an expiration of the statute of limitations). Notably, actual innocence means *factual* innocence, not mere *legal* insufficiency. See McKay v. United States, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations omitted)). For an actual innocence claim to be credible, it must be supported "with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence][.]" Schlup v. Delo, 513 U.S. 298, 324 (1995). Additionally, "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

Petitioner claims that he is actually innocent of the crimes for which he was convicted because (1) he was enticed by federal agents to distribute child pornography in violation of 18 U.S.C. § 2422(a) and (2) federal agents committed outrageous government conduct by falsifying a report to secure his conviction in violation of 18 U.S.C. § 1519. (Cv. Doc. #12, pp. 3-4). In support of his claims, Nave again points to the investigative reports attached to his Reply and claims that the government falsified its initial report (Cv. Doc. #12-1) when it removed chat history that allegedly showed federal agents induced Nave to distribute child pornography (Cv. Doc. #12-1).

The Court finds that the actual innocence exception is inapplicable to this case. Here, petitioner claims he is actually innocent based upon legal theories under 18 U.S.C § 2422(a) and 18 U.S.C. § 1519. Nave does not contest the facts of his underlying conviction. Thus, Nave's arguments sound in legal, not factual, innocence, and are not sufficient. Consequently, petitioner is not entitled to a review of his untimely § 2255 motion. Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #76; Cv. Doc. #1) is **DISMISSED with prejudice** as time-barred.

2. Petitioner's Motion for Leave to Amend § 2255 Motion (Cv. Doc. #19) is **DENIED**. To the extent Petitioner moves for an evidentiary hearing and the appointment of counsel (Cv. Doc. #15, p. 2), such motions are **DENIED.**

3. The Clerk of the Court shall enter judgment accordingly, terminate any pending motions[7], and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

---

[7] Because Nave's § 2255 motion is dismissed as time-barred, his Motion to Compel this Court to Judicially Notice Facts in Record (Cv. Doc #10) and Motion for Discovery and Production of Documents (Cv. Doc. #13) are rendered moot.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record